**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fadil Dervis Mesic,            )<br>                                         )<br>             Petitioner,          )<br>                                         )<br>vs.                                    )<br>                                         )<br>Alberto Gonzalez,          )<br>                                         )<br>             Respondent.   )<br>_____) | No. CV 06-01056-PHX-FJM<br><br>**ORDER** |

      The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondent's answer (doc. 13), petitioner's reply (doc. 11), the report and recommendation of the Magistrate Judge (doc. 14) and petitioner's objections (doc. 15). Respondent did not respond to the objections, and the time for filing a response has expired. For the reasons stated below, we adopt the Magistrate Judge's recommendation in full.

      Petitioner asserts that he is entitled to habeas relief because he has been unconstitutionally detained for over two years pending final adjudication of his removal proceedings. See Petition at 1-2. The Magistrate Judge recommends dismissal because petitioner is an alien who has conceded deportability and is therefore subject to mandatory detention under 8 U.S.C. § 1226(c). See Report and Recommendation ("R & R") at 3-5 (citing Demore v. Kim, 538 U.S. 510, 123 S. Ct. 1708 (2003)).

      Petitioner first objects by arguing that Kim is distinguishable because although an administrative decision has determined that petitioner is removable, he has appealed, and therefore his removability has not been conceded.  Objections at 1-2.

      An alien convicted of an aggravated felony at any time after admission is deportable. See 8 U.S.C. § 1227(a)(2)(A)(iii).  Pursuant to 8 U.S.C. § 1226(c), aliens convicted of certain crimes, including aggravated felonies, must be detained "for the brief period necessary for their removal proceedings" because of the risk that if not detained, they "may continue to engage in crime and fail to appear for their removal hearings."  Kim, 538 U.S. at 513, 123 S. Ct. at 1712.  The alien in Kim did not dispute the validity of the convictions that rendered him deportable, and did not argue that he was improperly included in a mandatory detention category by virtue of those convictions; that is, he conceded that he was deportable.  Id. at 514, 123 S. Ct. at 1712.  Petitioner is subject to mandatory detention if, as in Kim, his prior conviction triggers Section 1226(c)'s mandatory detention provision.

      Petitioner is deportable because of a 1993 aggravated felony conviction (aggravated assault).  See INS Removal Proceedings Notice to Appear, Answer Exhibit 19.  Petitioner's application for asylum and for withholding of removal does not dispute the validity of that conviction.  Rather, it seeks relief because of religion, nationality, membership in a particular social group and protection under the Torture Convention.  See Application, Answer Exhibit 20.  Therefore, like the alien in Kim, petitioner has "conceded" that he is deportable.  For that reason, the Immigration Judge noted that petitioner "admitted the allegations in the Notice to Appear and conceded the charge of removal."  Oral Decision of Immigration Judge, Answer Exhibit 22.

      The Immigration Judge concluded that due to petitioner's immigration status, he was only eligible for relief pursuant to the Convention Against Torture.  Id.  However, because petitioner did not show that it is more likely than not that he would be tortured, he was not entitled to Convention Against Torture protection.  Id.  Whatever the outcome on judicial review, that decision will not alter the undisputed fact that petitioner was convicted of a

1  felony that triggers mandatory detention. Therefore, we reject the argument that Kim is
2  distinguishable.
3   Petitioner also argues that he is entitled to a bail hearing pursuant to Tijani v. Willis,
4  430 F.3d 1241 (9th Cir. 2005). See Objections at 2. However, in so doing, petitioner does
5  not object to any of the grounds upon which the R & R distinguishes the holding in Tijani.
6  Therefore, this argument is not an objection or a request for review that requires us to engage
7  in de novo review of the R & R. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th
8  Cir. 2003) (interpreting 28 U.S.C. § 636 (b)(1)(C)).[1]
9   Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus
10 (doc. 1).
11  DATED this 30th day of April, 2007.

Frederick J. Martone
United States District Judge

---

[1] Petitioner also cites to six additional cases that held that Section 1226(c)'s mandatory detention requirement is unconstitutional because it does not provide for an individualized bail hearing. See Objections at 2-5. However, these cases pre-date the holding in Kim, which expressly concludes that Section 1226(c)'s mandatory detention requirement does not violate due process even though it does not provide for an individualized bail hearing. See 538 U.S. at 514, 123 S. Ct. at 1713.